## MARSHALLTOWN LABORATORIES v. BRADY et al.

(Court of Appeals of District of Columbia. Submitted March 14, 1923. Decided May 7, 1923.)

No. 1580.

**Trade-marks and trade-names and unfair competition** &#8658;34—**Conveyance by retiring partner held to include interest in trade-mark.**

> Where a partner who was retiring from the business conveyed his interest therein to his copartner, the bill of sale including the good will of the business, and the copartner continued to conduct the business until he transferred it to another, the sale of the good will, in the absence of qualifications, carried with it the right to the purchaser to use the trade-mark in further conduct of the business, so that the purchaser's successor was entitled to registration of the mark, and not the successors of the retiring partner.

Appeal from the Commissioner of Patents.

Application by the Marshalltown Laboratories for registration of a trade-mark, in which George W. Brady and Haskins & Welton claimed ownership of the mark. From a decision awarding registration of the mark to Brady and Haskins & Welton, the Marshalltown Laboratories appeal. Affirmed.

Charles R. Allen, of Washington, D. C., for appellant.
Ross O. Hinkle, of Chicago, Ill., for appellee.

Before SMYTH, Chief Justice, and ROBB, and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents in a trade-mark interference adjudging appellees to be the owner of the trade-mark "Cellosilk" for surgical dressings, and entitled to registration thereof.

The mark was originated and used in 1917 by George W. Brady & Co., a partnership consisting of George W. Brady and W. W. Merritt, Jr. The business was carried on at Chicago, Ill., until July, 1918, when one Cooper, of Marshalltown, Iowa, opened negotiations for the purchase of Brady's interest in the company. While these negotiations were pending on July 13, 1918, Brady and Merritt dissolved partnership. No provision, however, was made for the disposal of the partnership assets.

The negotiations with Cooper failed. Merritt in the fall of 1918 went to Marshalltown, Iowa. Brady remained in Chicago and carried on the cellosilk business under the original firm name. Subsequently, in June, 1919, Brady purchased the interest of Merritt; the bill of sale including the good will of the business. Brady continued to carry on the business until February, 1920, when he sold the cellosilk business including the trade-mark to Haskins and Welton, who continued to use the mark. In August, 1918, Merritt, Cooper, and others formed a partnership at Marshalltown, Iowa, and made and sold cellosilk under the name of Marshalltown Laboratories. Merritt subsequently sold

&#8658;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

out his interest in the concern, which was later sold in its entirety to appellant company. It was almost a year after Brady organized appellee company before appellant company applied for registration.

The continuance of the business by Brady after the dissolution of the partnership between Brady and Merritt, and the continued use of the mark while Merritt was in Marshalltown, Iowa, establishing a competing business, together with the bill of sale conveying the good will of the business to appellees, clearly establishes the superior right of appellees to the use of the mark.

We think that the transactions between Brady and Merritt were such as to imply an absolute conveyance of the interest of Merritt in the whole business, including the trade-mark, to Brady and his successors in interest. The expression "good will," in a bill of sale, conveying a business having trade-mark rights, in the absence of qualifications, will carry with it the right, to the purchaser to use the mark in the further conduct of the business.

The decision of the Commissioner awarding registration to appellees is affirmed.